1  HEATHER E. WILLIAMS, #122664
   Federal Defender
2  LEXI P. NEGIN, #250376
   Assistant Federal Defender
3  801 I Street, 3rd Floor
   Sacramento, CA  95814
4  Tel: 916-498-5700
   Fax 916-498-5710
5  Lexi_Negin@fd.org

6  Attorney for Defendant
   MICHAEL RICHARD MAXWELL
7

8              IN THE UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,         Case No. 2:17-cr-101 MCE

12              Plaintiff,            STIPULATION AND ORDER TO CONTINUE
                                      STATUS CONFERENCE AND EXCLUDE TIME
13       v.
                                      DATE:   December 10, 2020
14  MICHAEL RICHARD MAXWELL,          TIME:   10:00 a.m.
                                      JUDGE:  Hon. Morrison C. England, Jr
15              Defendant.

16

17       IT IS HEREBY STIPULATED by and between McGregor W. Scott, United States
18  Attorney through Heiko P. Coppola, Assistant United States Attorney, attorney for Plaintiff, and
19  Heather Williams, Federal Defender, through Assistant Federal Defender Lexi P. Negin,
20  attorneys for Michael Richard Maxwell, that the status hearing scheduled for December 10,
21  2020, be continued to March 11, 2021 and that the Court exclude time pursuant to the Speedy
22  Trial Act.
23       On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in
24  the Eastern District of California "until further notice."  Further, pursuant to General Order 611,
25  this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit
26  Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court
27  has allowed district judges to continue criminal matters.
28

This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id*. at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; see also *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*.

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).

///

///

Defense counsel desires additional time to review the prior trial transcript, discovery, to evaluate potential defenses, and to otherwise prepare for trial. The case involves experts that are out of town and for whom the pandemic would cause logistical problems.

Defense counsel believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and the difficulties that the COVID-19 pandemic creates for effective client preparation and consultation.

The government does not object to the continuance.

In addition, because of the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case.

Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence. Discovery has been either produced directly to counsel and/or made available for inspection and copying. Counsel for defendant desires additional time to consult with her client, to review the current charges, to conduct investigation and research related to the charges, and to otherwise prepare for trial.

Based upon the foregoing, the parties agree time under the Speedy Trial Act should be excluded from this order's date through and including March 11, 2021, as previously ordered, pursuant to 18 U.S.C. §3161 (h)(7)(A)and (B)(iv)[reasonable time to prepare] and General Order 479, Local Code T4 based upon continuity of counsel and defense preparation.

DATED: December 7, 2020                    Respectfully submitted,

                                           HEATHER E. WILLIAMS
                                           Federal Defender
///

|   |   |
|---|---|
|   | */s/ Lexi P. Negin*<br>LEXI P. NEGIN<br>Assistant Federal Defender<br>Attorney for MICHAEL RICHARD MAXWELL |
| DATED: December 7, 2020 | MCGREGOR W. SCOTT<br>United States Attorney |
|   | */s/ Heiko P. Coppola*<br>HEIKO P. COPPOLA<br>Assistant United States Attorney<br>Attorney for Plaintiff |

### ORDER

IT IS HEREBY ORDERED, the Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court specifically finds the failure to grant a continuance in this case would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds the ends of justice are served by granting the requested continuance and outweigh the best interests of the public and defendant in a speedy trial.

The Court orders the time from the date the parties stipulated, up to and including March 11, 2021, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and(B)(iv) [reasonable time for counsel to prepare] and General Order 479, (Local Code T4). **It is further ordered** the December 10, 2020 status conference shall be continued until March 11, 2021, at 10:00 a.m.

IT IS SO ORDERED.

Dated:  December 7, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE