| | |
|---|---|
| 1 | HEATHER E. WILLIAMS, #122664 |
|   | Federal Defender |
| 2 | LEXI P. NEGIN, #250376 |
|   | Assistant Federal Defender |
| 3 | 801 I Street, 3rd Floor |
|   | Sacramento, CA  95814 |
| 4 | Tel: 916-498-5700 |
|   | Fax 916-498-5710 |
| 5 | Lexi_Negin@fd.org |

Attorney for Defendant
MICHAEL RICHARD MAXWELL

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-101 MCE |
| Plaintiff, | STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME |
| v. | |
| MICHAEL RICHARD MAXWELL, | DATE:     March 25, 2021 |
|   | TIME      10:00 a.m. |
| Defendant. | JUDGE:    Hon. Morrison C. England, Jr |

IT IS HEREBY STIPULATED by and between Phillip A. Talbert, Acting United States Attorney through Heiko P. Coppola, Assistant United States Attorney, attorney for Plaintiff, and Heather Williams, Federal Defender, through Assistant Federal Defender Lexi P. Negin, attorneys for Michael Richard Maxwell, that the status hearing scheduled for March 25, 2021, be continued to May 6, 2021 and that the Court exclude time pursuant to the Speedy Trial Act.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue criminal matters.

This and previous General Orders, as well as the declarations of judicial emergency, were

entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id*. at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; see also *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*.

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).

Defense counsel desires additional time to review the prior trial transcript, review discovery, to evaluate potential defenses, and to otherwise prepare for trial.  The case involves experts that are out of town and for whom the pandemic would cause logistical problems.

Defense counsel believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise

of due diligence and the difficulties that the COVID-19 pandemic creates for effective client preparation and consultation.

The government does not object to the continuance.

Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence. Discovery has been either produced directly to counsel and/or made available for inspection and copying. Counsel for defendant desires additional time to consult with her client, to review the current charges, to conduct investigation and research related to the charges, and to otherwise prepare for trial.

Based upon the foregoing, the parties agree time under the Speedy Trial Act should be excluded from this order's date through and including May 6, 2021, as previously ordered, pursuant to 18 U.S.C. §3161 (h)(7)(A)and (B)(iv)[reasonable time to prepare] and General Order 479, Local Code T4 based upon continuity of counsel and defense preparation.

DATED: March 19, 2021          Respectfully submitted,

                               HEATHER E. WILLIAMS
                               Federal Defender

                               */s/ Lexi P. Negin*
                               LEXI P. NEGIN
                               Assistant Federal Defender
                               Attorney for MICHAEL RICHARD MAXWELL

DATED: March 19, 2021          PHILLIP A. TALBERT
                               Acting United States Attorney

                               */s/ Heiko P. Coppola*
                               HEIKO P. COPPOLA
                               Assistant United States Attorney
                               Attorney for Plaintiff

**ORDER**

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court specifically finds the failure to grant a continuance in this case would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds the ends of justice are served by granting the requested continuance and outweigh the best interests of the public and defendant in a speedy trial.

The Court orders the time from the date the parties stipulated, up to and including May 6, 2021, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and(B)(iv) [reasonable time for counsel to prepare] and General Order 479, (Local Code T4). It is further ordered the March 25, 2021 status conference shall be continued until May 6, 2021, at 10:00 a.m.

IT IS SO ORDERED.

Dated: March 24, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE